UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


WILLIS-KNIGHTON MEDICAL CENTER     CIVIL ACTION NO. 17-cv-0670

VERSUS                             JUDGE JAMES

DUN-PAR ENGINEERED FORM CO., ET AL     MAGISTRATE JUDGE HORNSBY


**MEMORANDUM ORDER**

Willis-Knighton Medical Center filed this civil action in state court against Dun-Par Engineered Form Company and Amerisure Mutual Insurance Company. Amerisure removed the case based on an assertion of diversity jurisdiction, which places the burden on Amerisure to allege specific facts that show that there is complete diversity of citizenship. It is important that these facts be established early in the case. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530 (5th Cir. 2017).

The notice of removal describes Willis-Knighton as a "Louisiana entity" without further detail. Amerisure alleges that it is a "foreign insurance corporation organized and existing under the laws of a state other than Louisiana" and with its principal place of business "in a state other than Louisiana." Dun-Par is described as "a citizen of the state of Missouri." Those allegations are not sufficient with respect to any party.

A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with

specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

Neither the notice of removal nor state court petition alleges with specificity the form of entity for Willis-Knighton. Amerisure alleges that it is a corporation, and the petition alleges that Dun-Par is as well. If an entity is a corporation, the rules set forth above apply. If it is a partnership, LLC, or other unincorporated association, its citizenship is based on that of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008); Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014). The notice of removal should specifically allege the legal form of each party and its citizenship in accordance with the applicable rules. Counsel for Willis-Knighton is directed to promptly provide counsel for Amerisure with any necessary information in this regard so that this preliminary jurisdictional issue may be resolved promptly and efficiently. Amerisure will be allowed until **June 12, 2017** to file an amended notice of removal and attempt to meet its burden of establishing diversity citizenship.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of May, 2017.

Mark L. Hornsby
U.S. Magistrate Judge